UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| ANDREW LEE JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SANTA CLARA, et al.,<br><br>Defendants. | Case No.   18-cv-06264-EJD<br><br>**ORDER REGARDING PARTIES' MOTIONS *IN LIMINE***<br><br>Re: ECF Nos. 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256 |
|---|---|

On January 26, 2014, the Court held a pretrial conference in this action, during which it issued oral rulings on Plaintiff Andrew Lee Johnson's ("Mr. Johnson") Motions *in Limine* Nos. 1–4 and Defendants City of San Jose (the "City"), Marco Monzon ("Officer Monzon"), and Jamie Lee Nicholas Hall's ("Officer Hall" and, with the City and Officer Monzon, "Defendants") Motions *in Limine* Nos. 1–7. The Court here expands upon those oral rulings.

I.   **MR. JOHNSON'S MOTIONS *IN LIMINE***

Mr. Johnson filed four motions *in limine*.  *See* Pl. MILs 1–4, ECF Nos. 253–56. Defendants opposed all four motions.  *See* Opp'ns Pl. MILs 1–4, ECF Nos. 257–60.  The Court addresses each in turn.

A.   **Mr. Johnson's Motion *in Limine* No. 1 to Exclude Evidence of Expunged Misdemeanor**

In his first motion *in limine*, Mr. Johnson moves to exclude evidence related to his expunged misdemeanor conviction for cocaine possession on the grounds that it is irrelevant to any of the remaining claims in this action—namely, a violation of 42 U.S.C. § 1983 based on the

Case No.: 18-cv-06264-EJD
ORDER REGARDING PARTIES' MOTIONS *IN LIMINE*
1

unconstitutional suppression of audio interview evidence under *Brady*; conspiracy to do the same; and a related failure to investigate and failure to train under *Monell*—and that any relevance is substantially outweighed by the undue prejudice of a jury learning of the conviction. *See* Pl. MIL 1; Fed. R. Evid. 401, 403. Defendants argue that the evidence is relevant because the arrest provided a legal basis for Mr. Johnson's incarceration independent of the charges for attempted homicide and aggravated assault, and because the evidence bears on the question of the bail and Mr. Johnson's inability to post the amount, resulting in his continued pretrial incarceration. *See* Opp'n Pl. MIL 1.

As discussed at the hearing, the Court does not find the drug possession evidence relevant to Mr. Johnson's pretrial incarceration, as the misdemeanor arrest alone would not have resulted in a preliminary hearing, and it appears that he would not have been required to post bail for the charge given that Mr. Johnson had no history of drug or other offenses. Accordingly, the Court finds (1) that the evidence at issue is not relevant to the issues remaining for trial, and (2) that its introduction would cause undue prejudice to Mr. Johnson based on a perception of drug use, such that the undue prejudice would substantially outweigh any potential relevance. *See* Fed. R. Evid. 401, 403. The Court therefore GRANTS Mr. Johnson's Motion *in Limine* No. 1.

**B.     Mr. Johnson's Motion *in Limine* No. 2 to Exclude Evidence or Argument About the Legality of His Carriage of a Firearm**

Mr. Johnson next moves to exclude evidence or argument related to the legality of his carrying a firearm on the evening of the event underlying his arrest, *i.e.*, the shooting in the leg and hip of two individuals. *See* Pl. MIL 2. Mr. Johnson argues that this evidence is irrelevant as well as prejudicial, and that the introduction of this evidence would lead to a confusing and unnecessary trial within a trial on a matter for which he was never charged. Defendants counter that the evidence is relevant to the question of what, if anything, Officer Monzon and Officer Hall would have known about any self-defense claim by Mr. Johnson, and is admissible under Federal Rule of Evidence 404(b) because the legality of Mr. Johnson's possession of the firearm helps complete the story of the events at issue. *See* Opp'n Pl. MIL 2.

Case No.: 18-cv-06264-EJD
ORDER REGARDING PARTIES' MOTIONS *IN LIMINE*
2

The Court notes that the parties' joint neutral statement of the case will inform the jurors that Mr. Johnson shot two individuals, so that Mr. Johnson's use of a firearm will be evident. Having considered Defendants' arguments, the Court is not convinced that the legality of Mr. Johnson's carriage or concealment of the firearm is relevant to any issue remaining for trial. That is, the firearm is relevant to the charges brought against Mr. Johnson only to the extent that he used one to injure the two individuals; questions of legal permitting are not relevant to the charges brought against him. Accordingly, the Court finds that the introduction of evidence related to the legality or illegality of Mr. Johnson's possession of the firearm would be unduly prejudicial to Mr. Johnson and cause confusion and undue delay, such that these factors would substantially outweigh any relevance of the evidence. *See* Fed. R. Evid. 403. The Court therefore GRANTS Mr. Johnson's Motion *in Limine* No. 2.

### C. Mr. Johnson's Motion *in Limine* No. 3 to Exclude Evidence or Argument About the Event Leading to His Traumatic Brain Injury

In his third motion *in limine*, Mr. Johnson seeks to exclude evidence or argument that his suffering of a traumatic brain incident was caused by a suicide attempt, which evidence Mr. Johnson contends would be inaccurate, irrelevant, and unduly prejudicial. *See* Pl. MIL 3. At the hearing, counsel for Mr. Johnson clarified that he does not seek to exclude evidence that he has suffered a traumatic brain injury, and is merely seeking to exclude any potential discussion of suicide. Defendants agreed that suicide need not and would not be discussed, but argued that the traumatic brain injury itself should be admissible as relevant to the question of damages.

As discussed at the pretrial conference, the Court will bifurcate the trial into two phases: Phase I will be a liability phase on all remaining claims, and Phase II will be a damages phase on any claims for which the jury finds Defendants liable. Accordingly, because the evidence at issue in Mr. Johnson's third motion *in limine* is relevant only to the question of damages, the Court DEFERS resolution of the motion until Phase II of the trial, if the phase is reached.

### D. Mr. Johnson's Motion *in Limine* No. 4 to Exclude Evidence or Argument About the Timing of His Self-Defense Claim

Lastly, Mr. Johnson seeks to exclude evidence or argument related to the timing of his self-

Case No.: 18-cv-06264-EJD
ORDER REGARDING PARTIES' MOTIONS *IN LIMINE*
3

1  defense claim.  *See* Pl. MIL 4.  Specifically, Mr. Johnson contends that Defendants should not be

2  permitted to argue that Mr. Johnson did not raise a self-defense argument at the preliminary

3  hearing.  Mr. Johnson further argues that evidence concerning whether or not he called the police

4  after the shooting, or whether or not he informed the police that he shot the two individuals in self-

5  defense, is irrelevant to the present trial issues.  *See id.*  Defendants counter that Mr. Johnson's

6  actions and statements to the police, including that he did not claim before or during the

7  preliminary hearing that he shot in self-defense, is relevant to the question of what the officers and

8  investigators knew up to and during the preliminary hearing.  *See* Opp'n Pl. MIL 4.

9        Defendants additionally argued that all evidence presented at the preliminary hearing is

10 relevant to the element of materiality that must be established in a *Brady* claim.  The Court

11 permitted supplemental briefing on this issue, *see* ECF No. 278, and Defendants timely filed a

12 brief, *see* Defs. Suppl. Br., ECF No. 281.  Mr. Johnson's deadline to respond has now passed, *see*

13 ECF No. 278, and the Court therefore considers only the arguments presented in the original

14 briefing and at oral argument.

15       As discussed at the hearing, the Court will permit Defendants to introduce evidence of

16 what was known to officers and investigators with respect to any self-defense claim or lack thereof

17 before and during the preliminary investigation, and to that extent DENIES IN PART Mr.

18 Johnson's motion *in limine*.

19       With respect to Mr. Johnson's request to exclude evidence or argument related to (1) Mr.

20 Johnson's statement to the police that he was not involved in the underlying events, or (2) the fact

21 that Mr. Johnson did not call the police after the shooting, the Court finds that such evidence

22 would result in undue prejudice to Mr. Johnson that substantially outweighs the relevance of such

23 evidence.  *See* Fed. R. Evid. 403.  The Court first notes that a *Brady* violation occurs when the

24 prosecution purposefully or inadvertently suppresses evidence favorable to the accused where the

25 evidence is material to either guilt or punishment.  *Kyles v. Whitley*, 514 U.S. 419, 432 (1995)

26 (citing *Brady v. Maryland*, 373 U.S. 83, 87 (1963)).  Evidence is "material" for *Brady* purposes "if

27 there is a reasonable probability that, had the evidence been disclosed to the defense, the result of

28 Case No.: 18-cv-06264-EJD
ORDER REGARDING PARTIES' MOTIONS *IN LIMINE*
4

United States District Court
Northern District of California

the proceeding would have been different." *Strickler v. Greene*, 527 U.S. 263, 280 (1999) (citation omitted). There is a reasonable probability of a different result "when the government's evidentiary suppression 'undermines confidence in the outcome of the trial.'" *Jackson v. Brown*, 513 F.3d 1057, 1071 (9th Cir. 2008) (quoting *Kyles*, 514 U.S. at 434). A reasonable probability of a different result may exist "where the remaining evidence would have been sufficient to convict the defendant," and does not require a finding that "the outcome would more likely than not have been different." *Id.* (citations omitted).

    Defendants argue that materiality may not be assessed without the presentation of all evidence introduced at the preliminary hearing because "the context of the entire record" is necessary to determine whether there is a "reasonable probability" that disclosure of the *Brady* material would have changed the outcome. *See* Defs. Suppl. Br. 2 (citing, *e.g.*, *Browning v. Baker*, 875 F.3d 444, 486 (9th Cir. 2017)). As Defendants acknowledge, however, the cases discussing the relevance of the context of the entire record have concerned the more typical *Brady* challenge following a guilty verdict at trial, where the basis for the jury's decision is unknown. *See id.* Here, by contrast, Mr. Johnson was acquitted at trial, and challenges instead the result of his preliminary hearing, where the magistrate discussed the reasoning behind her decision. Although the Court understands that the magistrate considered everything presented, it does not find appropriate the suggestion that the jury should revisit or relitigate the entire preliminary hearing. Accordingly, the Court finds the evidence of Mr. Johnson's statement of non-involvement, and the fact that he did not himself call the police, is of low relevance to the issues at trial—including the issue of materiality—given that the magistrate focused her reasoning almost entirely on the fact of Mr. Johnson's shooting the individuals, their injuries, and the evidence of his intent. Further, the Court finds that the introduction of all evidence presented to the magistrate at the preliminary hearing would cause undue delay and confuse the jury with respect to whether they are being asked to reconsider the magistrate's decision, as opposed to whether the *Brady* evidence "undermines confidence" in the fairness of the preliminary hearing. *See Jackson*, 513 F.3d at 1071. The Court additionally finds that the evidence is likely to cause undue prejudice to

Case No.: 18-cv-06264-EJD
ORDER REGARDING PARTIES' MOTIONS *IN LIMINE*
5

1   Mr. Johnson because it invites the jury to speculate negatively as to his character, rather than focus

2   on the fairness of the preliminary hearing. In considering the low relevance of the evidence and

3   the delay, confusion, and undue prejudice, the Court finds that the former is substantially

4   outweighed by the latter. *See* Fed. R. Evid. 403. Accordingly, the Court GRANTS IN PART Mr.

5   Johnson's Motion *in Limine* No. 4, such that Defendants may not introduce evidence that Mr.

6   Johnson did not call the police following the shooting, and that he stated to the police that he was

7   not involved in the shooting.

## II.   DEFENDANTS' MOTIONS *IN LIMINE*

Defendants filed seven motions *in limine*. *See* Defs. MILs 1–7, ECF Nos. 246–52. Mr. Johnson opposed all but one of the motions. *See* Opp'ns Defs. MILs 1–7, ECF Nos. 269–75. The Court addresses each in turn.

### A.   Defendants' Motion *in Limine* No. 1. to Exclude Evidence or Argument Regarding the Length of Mr. Johnson's Incarceration, or Alternatively to Bifurcate the Trial

In their first motion *in limine*, Defendants seek to exclude evidence or argument regarding the length of Mr. Johnson's incarceration on the basis that the Court's dismissal of Mr. Johnson's *Tatum* claim renders such evidence irrelevant, and that any potential relevance would be substantially outweighed by the potential for undue delay and jury confusion. *See* Defs. MIL 1. Defendants further argue that the evidence, if admitted, should be relegated to a separate damages phase of the trial. Mr. Johnson argues that the length of Mr. Johnson's incarceration is inextricably tied to the timeline of events that he must establish to show liability. *See* Opp'n Defs. MIL 2.

The Court agrees with Defendants that the fact that Mr. Johnson remained incarcerated prior to his trial is not relevant to Defendants' liability on the remaining claims in this action. Mr. Johnson may introduce all relevant timeline evidence without discussing the fact that he was incarcerated at those times. Because the Court has determined that the trial shall be bifurcated into liability and damages phases, it need not and does not at this time decide whether the evidence is relevant to any potential damages. Accordingly, the Court GRANTS IN PART Defendants'

Case No.: 18-cv-06264-EJD
ORDER REGARDING PARTIES' MOTIONS *IN LIMINE*
6

1   Motion *in Limine* No. 1 with respect to the liability phase of the trial, and DEFERS ruling on this

2   motion with respect to the damages phase.

### B.  Defendants' Motion *in Limine* No. 2 to Exclude Evidence or Argument About the Conditions of Mr. Johnson's Confinement While Incarcerated

Defendants seek to exclude evidence of any alleged abuse or substandard jail conditions that Mr. Johnson experienced while incarcerated on the grounds that such evidence is not relevant to the remaining claims; that the evidence at issue would concern the purported actions of defendants who are no longer in this action; and that such evidence would be highly prejudicial. *See* Defs. MIL 2.  Mr. Johnson responds that although he agrees that Defendants are not responsible for any constitutional violations related to the conditions of his incarceration, the evidence is relevant to Mr. Johnson's emotional condition during his pretrial incarceration, and thus to the question of damages.  *See* Opp'n Defs. MIL 2.

Because the Court is bifurcating the trial and the evidence of Mr. Johnson's conditions of incarceration goes to damages, the Court DEFERS resolution of Defendants Motion *in Limine* No. 2 until Phase II of the trial.

### C.  Defendants' Motion *in Limine* No. 3 to Exclude Evidence or Argument That Mr. Johnson was Found Not Guilty at Trial

Defendants next seek to exclude evidence of Mr. Johnson's acquittal at trial on the ground that the evidence is not relevant to the question of whether he received a fair preliminary hearing under *Brady*.  *See* Defs. MIL 3.  Mr. Johnson counters that it would be highly prejudicial to exclude such evidence because the jury will otherwise assume that he was convicted.  *See* Opp'n Defs. MIL 3.

As the Court explained at the hearing, it is concerned that the jury—which will learn in the neutral statement of the case that Mr. Johnson shot two individuals—will presume that he was found guilty unless informed otherwise.  Such a presumption would be highly prejudicial to Mr. Johnson's case.  Accordingly, the Court DENIES Defendants' Motion *in Limine* No. 3, but this denial is without prejudice to the parties' proposal of either a special instruction or a modified neutral statement of the case addressing Mr. Johnson's acquittal in an appropriate manner.

Case No.: 18-cv-06264-EJD
ORDER REGARDING PARTIES' MOTIONS *IN LIMINE*
7

### D. Defendants' Motion *in Limine* No. 4 to Exclude Evidence or Argument About Issues Decided by the Court in Defendants' Favor in the Court's Summary Judgment Order

In their fourth motion *in limine*, Defendants seek to exclude evidence on matters resolved in Defendants' favor in the Court's summary judgment order, including, for example, issues of fabrication of evidence in Mr. Johnson's criminal prosecution, other officers' failures to disclose exculpatory evidence, the existence of probable cause to hold Mr. Johnson for trial, or the existence of the City's policy or custom of fabricating evidence or failing to preserve potentially exculpatory evidence. *See* Defs. MIL 4. Mr. Johnson argues that evidence of Officer Tessler's failure to disclose potentially exculpatory evidence related to key fob data is relevant to the issue of the City's *Monell* liability for failure to investigate claims of missing or fabricated evidence. *See* Opp'n Defs. MIL 4.

As the Court explained at the hearing, it appears that Mr. Johnson's argument is based upon a reading of the Court's summary judgment order that permitted a *Monell* claim for a general failure to train or investigate claims of missing or fabricated evidence. However, the summary judgment order's discussion of the remaining *Monell* claim is clearly restricted to failures related to preservation or disclosure of DCS audio evidence of the sort at issue in Mr. Johnson's remaining *Brady* claim. *See* Order Summ. J. 23–24, ECF No. 217. Accordingly, the Court GRANTS Defendants' Motion *in Limine* No. 4 to exclude evidence or argument about issues decided in Defendants' favor at summary judgment, including with respect to the key fob data, on the ground that such evidence is not relevant to the remaining issues. *See* Fed. R. Evid. 401.

### E. Defendants' Motion *in Limine* No. 5 to Exclude Evidence or Argument of Any Category of Damages Not Identified Within Mr. Johnson's Initial Disclosures

Defendants seek to exclude evidence or argument related to categories of evidence such as alleged loss of income or medical bills that Mr. Johnson did not identify in his initial disclosures. *See* Defs. MIL 5. Mr. Johnson does not oppose this motion. *See* Resp. Defs. MIL 5. The Court agrees that such evidence is not relevant to the remaining issues, *see* Fed. R. Evid. 401, and accordingly GRANTS Defendants' Motion *in Limine* No. 5.

Case No.: 18-cv-06264-EJD
ORDER REGARDING PARTIES' MOTIONS *IN LIMINE*
8

### F. Defendants' Motion *in Limine* No. 6 to Exclude Evidence Not Presented at the Preliminary Hearing

Defendants next seek to exclude evidence not presented at the preliminary hearing on the ground that since Mr. Johnson was acquitted at trial, his *Brady* claim concerns only the evidence that was presented at the preliminary hearing. *See* Defs. MIL 6. Mr. Johnson argues that he plans to argue to the jury that although he did not present a self-defense argument at the preliminary hearing, he would have done so had he then been aware of the missing audio files that are the basis for his *Brady* claim. *See* Opp'n Defs. MIL 6.

As discussed at the hearing, because the Court is denying Mr. Johnsons' Motion *in Limine* No. 4 to permit Defendants to introduce evidence of their awareness (or lack thereof) regarding Mr. Johnson's self-defense claim, it will also DENY IN PART Defendants' Motion *in Limine* No. 6 to permit Mr. Johnson to testify that he would have made a self-defense claim at the preliminary hearing had he known of the missing audio files. The Court otherwise GRANTS Defendants' Motion *in Limine* No. 6.

### G. Defendants' Motion *in Limine* No. 7 to Exclude Testimony of Three Witnesses Not Previously Identified by Mr. Johnson

Lastly, Defendants seek to exclude the testimony of Judy Lee, Cameron Bowman, and Angela Johnson—all of whom Mr. Johnson listed as witnesses on his trial witness list—on the ground the Mr. Johnson did not timely identify them in any initial or supplemental disclosures prior to his trial witness list. *See* Defs. MIL 7. Mr. Johnson acknowledges that these three witnesses were not identified prior to their inclusion on his witness list, but argues that they were all identified in his operative complaint by their first and last name, along with their role in the case. *See* Opp'n Defs. MIL 7.

At the hearing, Mr. Johnson stated that he was removing Ms. Johnson from his witness list. He additionally informed the Court that his intent with respect to the testimony of Ms. Lee and Mr. Bowman—respectively, the assistant district attorney prosecuting his criminal case and his defense attorney—is to introduce evidence to timestamp the efforts to obtain the missing audio files presently subject to his *Brady* challenge. The Court encouraged Mr. Johnson to obtain

Case No.: 18-cv-06264-EJD
ORDER REGARDING PARTIES' MOTIONS *IN LIMINE*
9

1   declarations from Ms. Lee and Mr. Bowman with respect to the testimony each would provide if

2   called as a witness, and to provide such declarations to Defendants. Defendants indicated that if

3   they received such declarations and the contents merely confirmed information not in dispute, then

4   it might become apparent to the parties that Ms. Lee and Mr. Bowman are not necessary as the

5   witnesses through whom such evidence is introduced at trial. Accordingly, the Court at present

6   DENIES WITHOUT PREJUDICE Defendants' Motion *in Limine* No. 7. If Defendants do not

7   receive the declarations or have other concerns as to their contents, Defendants may later timely

8   raise this issue.

## III. ORDER

For the foregoing reasons, the Court hereby ORDERS as follows:

1. The trial shall be bifurcated into two phases, with Phase II concerning Defendants' liability on all remaining claims, and Phase II concerning damages on any claims for which Defendants are found liable.

2. Plaintiffs' Motions *in Limine* Nos. 1 and 2 are GRANTED.

3. Plaintiffs' Motion *in Limine* No. 3 is DEFERRED to Phase II.

4. Plaintiffs' Motion *in Limine* No. 4 is DENIED IN PART with respect to Defendants' ability to introduce evidence regarding what was known to the police and prosecution with regard to Mr. Johnson's self-defense claim, and GRANTED IN PART, such that Defendants may not introduce evidence that Mr. Johnson did not call the police following the shooting and that he stated to the police that he was not involved in the shooting.

5. Defendants' Motions *in Limine* Nos. 1 and 2 are DEFERRED to Phase II. Mr. Johnson may introduce all necessary evidence regarding the timeline of events, but may not introduce the fact that Mr. Johnson was incarcerated during that period.

6. Defendants' Motion *in Limine* No. 3 is DENIED. The parties may propose a related special instruction or modified neutral statement related to Mr. Johnson's acquittal.

Case No.: 18-cv-06264-EJD
ORDER REGARDING PARTIES' MOTIONS *IN LIMINE*
10

7. Defendants' Motions *in Limine* Nos. 4 and 5 are GRANTED.

8. Defendants' Motion *in Limine* No. 6 is DENIED IN PART, such that Mr. Johnson may testify that he would have made a self-defense claim at the preliminary hearing had he known of the missing audio files, and otherwise GRANTED.

9. Defendants' Motion *in Limine* No. 7 is DENIED AS MOOT with respect to Angela Johnson, and otherwise DENIED WITHOUT PREJUDICE with respect to Judy Lee and Cameron Bowman.  Mr. Johnson is encouraged to obtain and provide to Defendants declarations from Ms. Lee and Mr. Bowman, and Defendants may raise this motion if later necessary.

**IT IS SO ORDERED.**

Dated: February 7, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 18-cv-06264-EJD
ORDER REGARDING PARTIES' MOTIONS *IN LIMINE*
11